

**FILED**
**Nov 04, 2022**
**07:14 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | | |
|---|---|---|
| **PAUL GOOKENBARGER,** | ) | **Docket No. 2021-03-0696** |
| **Employee,** | ) | |
| **v.** | ) | |
| **THE KROGER COMPANY** | ) | |
| **Employer,** | ) | **State File No. 59262-2018** |
| **and** | ) | |
| **TROY HALEY,** | ) | |
| **Administrator of the Bureau of** | ) | |
| **Workers' Compensation, Subsequent** | ) | **Judge Brian K. Addington** |
| **Injury Fund.** | ) | |

---

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

---

The Court heard Kroger's Motion for Summary Judgment on November 1, 2022. Kroger contends summary judgment is warranted because more than a year lapsed between its final payment and the date Mr. Gookenbarger filed a Petition for Benefit Determination. Mr. Gookenbarger did not respond to the motion. The undisputed proof is that he did not file his petition within one year of Kroger's last payment. Therefore, Kroger is entitled to summary judgment.

### History of Claim

Mr. Gookenbarger alleged a low-back injury while lifting boxes and pallets at Kroger on July 13, 2018. Kroger provided medical treatment including surgery. On September 11, 2019, Dr. Patrick Bolt placed Mr. Gookenbarger at maximum medical improvement and assigned a nine-percent impairment.

On October 9, Kroger mailed an offer to settle Mr. Gookenbarger's claim. The next day, it issued payment for Dr. Bolt's September office visit. Kroger sent another letter attempting to settle his claim on April 6, 2020. Mr. Gookenbarger did not respond. Once a year passed after the last payment, Kroger closed its file.

1

However, Mr. Gookenbarger later asked for additional treatment. Kroger denied his request, and Mr. Gookenbarger filed the present petition on July 9, 2021.

After the Scheduling Order, Kroger moved for summary judgment arguing Mr. Gookenbarger's case was barred by the statute of limitations. In support of its motion, Kroger filed the following statement of undisputed facts.

1. Paul Gookenbarger reportedly suffered an injury on or around July 18, 2018.
2. On September 11, 2019, Dr. Bolt placed the employee at maximum medical improvement with 9% permanent partial impairment to the body as a whole.
3. The employee has not treated with Dr. Bolt since the September 11, 2019 appointment.
4. Kroger's last indemnity payment to the employee was March 29, 2019.
5. Kroger's last payment for medical benefits was made on October 10, 2019, to Dr. Bolt's office for the employee's September 11, 2019 appointment.
6. On July 9, 2021, the employee filed a Petition.

Kroger contends these facts entitle it to summary judgment because they show no genuine issue of material fact exists regarding Mr. Gookenbarger's failure to file a petition within one year of Kroger's last payment on the claim.

Mr. Gookenbarger neither responded to Kroger's motion nor did he file affidavits or depositions to support his claim. He explained at the summary judgment hearing that he thought he would always have open medical benefits because he suffered an on-the-job injury.

**Law and Analysis**

Under Tennessee Rules of Civil Procedure 56.04 (2021), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

To prevail as the party requesting summary judgment, Kroger must do one of two things: (1) submit affirmative evidence that negates an essential element of Mr. Gookenbarger's claim; or (2) demonstrate that Mr. Gookenbarger's evidence is insufficient to establish an essential element of his claim. Tenn. Code Ann. § 20-16-101(2022); *Rye v. Women's Care Ctr. of Memphis, MPLLC,* 477 S.W.3d 235, 264 (Tenn. 2015). If Kroger does so, Mr. Gookenbarger must then establish that the record contains specific facts upon which the Court could base a decision in his favor. *Rye*, at 265.

Turning to the merits of the motion, the Court finds that Kroger proved Mr. Gookenbarger did not timely file a petition under Tennessee Code Annotated section 50-

2

6-203(b)(2), which requires the filing of a petition within one year after the work accident or within one year after the employer "ceased to make payments of compensation to or on behalf of the employee." So, Kroger negated an essential element of Mr. Gookenbarger's claim – that he must file his petition within one year of Kroger's last payment of benefits. Mr. Gookenbarger offered no evidence on which the Court could rely to find that he did file his petition within the one-year period.

Therefore, the Court holds no genuine issue of material fact exists as to whether Mr. Gookenbarger timely filed his petition. Kroger's motion is granted.

**IT IS ORDERED as follows:**

1. Mr. Gookenbarger's claim for workers' compensation benefits is dismissed with prejudice to its refiling.

2. Unless appealed, this order shall become final thirty days after entry.

3. The Court taxes a $150.00 filing fee to Kroger under Tennessee Compilation Rules and Regulations 0800-02-21-.06, payable to the Clerk within five days of this order becoming final.

4. Kroger shall prepare and submit the SD-2 to the Clerk within ten days of the date of judgment.

**IT IS ORDERED.**

**ENTERED** November 4, 2022.

_Brian K. Addington_
_____
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I certify that a copy of the order was sent on November 4, 2022.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Paul Gookenbarger, Self-Represented Employee | X | | X | 305 Ashley Dr. Seymour, TN 37865 paul2401@sbcglobal.net |
| Heather Douglas, Jenna MacNair Employer's Attorneys | | | X | hdouglas@manierherod.com jmacnair@manierherod.com |
| Lindsay Hall, Subsequent Injury Fund Attorney | | | X | lindsay.n.hall@tn.gov |

_____
**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**

4



<u>Compensation Order Right to Appeal</u>:

If you disagree with this Compensation Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the Compensation Order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. The Court Clerk will prepare the technical record and exhibits for submission to the Appeals Board, and you will receive notice once it has been submitted. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript, and you must file it with the Court Clerk *within fifteen calendar days* of filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of filing the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the testimony presented at the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board must review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. You have *fifteen calendar days* after the date of that notice to file a brief to the Appeals Board. *See the Rules governing the Workers' Compensation Appeals Board on the Bureau's website*

**If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry. Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*